UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| RMA STRATEGIC OPPORTUNITY ) | CHAPTER 7 |
| FUND, LLC ) | CASE NO. 17-13328-JNF |
| Debtor ) | |

## SETTLEMENT STIPULATION BY AND BETWEEN
## THE CHAPTER 7 TRUSTEE AND SAM RIZK

This Stipulation dated the 23rd day of October, 2019 is by and between Mark G. DeGiacomo, the Chapter 7 Trustee, (the "Trustee") of RMA Strategic Opportunity Fund, LLC (the "Debtor"), Sam Rizk (the "Recipient" and together with the Debtor, the "Parties") and Sharon Rizk ("Sharon").

WHEREAS, on September 5, 2017, an involuntary petition under Chapter 11 of the Bankruptcy Code was filed against the Debtor; and

WHEREAS, on October 6, 2017, this Court entered an Order for Relief; and

WHEREAS, on November 9, 2017, this Court entered an Order converting the Debtor's case to Chapter 7; and

WHEREAS, on November 15, 2017, the Trustee was appointed as the Chapter 7 trustee of Debtor's bankruptcy estate; and

WHEREAS, the Trustee has determined that the Debtor was run as a Ponzi scheme; and

WHEREAS, the Trustee has alleged that the Recipient was a pre-petition investor in the Debtor who received distributions from the Debtor in excess of the amount invested therein, of which $138,361.52 was paid to the Recipient within four years of the Debtor's petition date (the "Surplus"), while the Recipient disputes the Trustee's position; and

1

WHEREAS, the Trustee has determined that Sharon was also a pre-petition investor in the Debtor who invested and lost $85,417.37 with the Debtor; and

WHEREAS, the Trustee has alleged that the Recipient received a pre-petition margin loan from the Debtor that he did not fully repay (the "Loan"); and

WHEREAS, based on his investigation the Trustee asserts that the Recipient owes the Debtor's estate $35,086.34 on account of the Loan, while the Recipient disputes that calculation and asserts that he owes $4,000 on account of the Loan; and

WHEREAS, on February 15, 2019, the Trustee initiated a so called "net winner" adversary proceeding against the Recipient (*DeGiacomo, trustee v. Sam Rizk*, Case No. 19-01020), seeking recovery of the Surplus and Loan (the "Adversary Proceeding"); and

WHEREAS, the Recipient disputes the Trustee's claim and has alleged certain defenses to the claims asserted in the Adversary Proceeding; and

WHEREAS, the Trustee and the Recipient have agreed to settle the Adversary Proceeding in accordance with the terms of this Stipulation;

NOW, THEREFORE, for good and valuable consideration, the sufficiency of which is hereby acknowledged, the Trustee and the Recipient expressly stipulate and agree as follows:

1. Each of the undersigned parties represents and warrants that: (i) it has all necessary power and authority to execute and deliver this Stipulation and to perform its respective obligations hereunder; (ii) this Stipulation has been duly and validly delivered, and constitutes a legal, valid and binding obligation; and (iii) except for approval of the Court, no authorization, consent, approval or other action is or will be necessary as a condition to execution and delivery of this Stipulation and the performance of the obligations hereunder.

2

2. The Recipient agrees to deliver to the Trustee an Agreement for Judgment in the Adversary Proceeding in the form attached hereto as <u>Exhibit A</u> in the amount of $173,447.86 (the "Judgment"), which represents the full amount of the Surplus and Loan the Trustee is seeking to recover. The Judgment executed by the Recipient shall be held by the Recipient's counsel prior to the filing of a motion to approve this Stipulation, and delivered to the Trustee immediately upon entry of an order by the Court approving this Stipulation, to be held by the Trustee in escrow subject to the terms and conditions of this Stipulation.

3. The Recipient agrees to pay the Trustee the amount of $130,000.00 (the "Settlement Amount") in full satisfaction of any and all claims, debts and obligations which were asserted or could have been asserted against the Recipient in the Adversary Proceeding. The Settlement Payment will be delivered to the Trustee by check or wire transfer in four equal installments of $32,500.00 each. The first installment shall be held by the Recipient's counsel in escrow prior to the filing of a motion to approve this Stipulation, and disbursed to the Trustee immediately upon entry of an order by the Court approving this Stipulation. The subsequent installment payments will be due on the 90th, 180th and 270th day, respectively, following the date of the Court's Order approving this Stipulation (each an "Installment Due Date").

4. Upon the Recipient's payment of the Settlement Amount in full and on time, including making each installment payment on or before the respective Installment Due Date (with time being of the essence), then the Trustee shall return the Judgment to the Recipient, and the Trustee and Recipient shall file a stipulation dismissing the Adversary Proceeding with prejudice.

5. In the event the Recipient fails to make any of the installment payments by the respective Installment Due Date, or otherwise fails to pay the Settlement Amount in full and on

time, the Trustee shall provide written notice of such non-payment to counsel for Recipient. If Recipient fails to cure such default within five (5) days after such written notice, then the Judgment shall be released to the Trustee from escrow and the Trustee shall be permitted to seek the Court's entry of the Judgment and to collect the full amount of the Judgment, subject only to giving credit for any amounts previously paid to the Trustee by the Recipient. Together with the Judgment, the Trustee will file an affidavit with the Court indicating the amount, if any, previously paid to the Trustee by the Recipient.

6. Upon Court approval of this Stipulation, Sharon Rizk shall be permitted to file an unsecured proof of claim against the Debtor's estate in the amount of $85,417.37, which claim shall be deemed to have been timely filed and allowed.

7. Upon approval of this Stipulation by the Court and full and timely payment of the Settlement Amount, the Trustee and the bankruptcy estate on the one hand, and the Recipient on the other hand, for themselves and their past, present, and future representatives, agents, successors, assigns, administrators, receivers, partners, subsidiaries, parents, affiliates, officers, directors and employees (including any retirement account, IRA or 529 account of Recipient which was a transferee of Debtor), shall be deemed to have REMISED, RELEASED and FOREVER DISCHARGED the other and each of their respective past, present, and future affiliates, representatives, agents, successors, assigns, administrators, receivers, partners, subsidiaries, parents, affiliates, officers, directors, and employees (the "Released Parties"), from any and all manner of actions and causes of action, suits, debts, accounts, bonds, contracts, covenants. agreements, judgments, claims, demands, debts, expenses, costs, attorney's fees, claims for interest, obligations, liabilities whatsoever of every name and nature, whether known or unknown, fixed or contingent, liquidated or unliquidated, at law or in equity or pursuant to

4

statute that the Trustee and the Recipient has had in the past, now has or may have in the future against the Released Parties, based on or arising out of any matter, cause, act, or omission by the Released Parties occurring up to and including the date of this Stipulation.

8. All of the recitals stated above are incorporated by reference as if fully set forth herein. This Stipulation constitutes the entire agreement of the Parties. No modification, amendment or waiver of any of the provisions of this Stipulation shall be effective unless in writing and signed by both Parties.

9. The Parties agree that no representation, promise or inducement has been offered or made except as herein set forth, that this Stipulation contains the entire agreement relative to settlement between the Parties, and that the terms of this Stipulation are contractual and not a mere recital. The Parties verify that this compromise settlement has been made after consultation with, and on the advice of, their chosen attorneys, who have explained to the Parties the nature and extent of their legal rights and the effect of the Stipulation, and that this Stipulation is executed without reliance upon any statement or representation of any person or their agents.

10. This Stipulation constitutes the full and final settlement and release between the Parties with respect to the subject matter hereof and replaces all prior negotiations, proposed releases and releases, whether written or oral.

11. This Stipulation shall be deemed a contract under the laws of the Commonwealth of Massachusetts and for all purposes shall be governed by and construed and enforced in accordance with the laws of said Commonwealth without regard to conflicts and choice of law principles.

12. This Stipulation and the obligations hereunder are subject to the approval of the Court.

IN WITNESS WHEREOF, the Trustee, Sam Rizk and Sharon Rizk hereby execute this Stipulation as of October 23, 2019.

| MARK G. DEGIACOMO, CHAPTER 7 TRUSTEE OF RMA STRATEGIC OPPORTUNITY FUND, LLC, | SAM & SHARON RIZK |
|---|---|
| By his attorneys, | By their attorney, |
| /s/ Jonathan M. Horne | Daniel Swetnam, Esq. |
| Mark G. DeGiacomo, Esq. BBO #118170 | ICE MILLER |
| Jonathan M. Horne, Esq. BBO#673098 | 250 West Street |
| Murtha Cullina LLP | Columbus, OH 43215 |
| 99 High Street | 614-462-2225 Telephone |
| Boston, MA 02110 | 614-224-3568 Facsimile |
| 617-457-4000 Telephone | Daniel.Swetnam@icemiller.com |
| 617-482-3868 Facsimile | |
| jhorne@murthalaw.com | |

# Exhibit A

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>RMA STRATEGIC OPPORTUNITY<br>FUND, LLC<br>        Debtor.<br><br>MARK G. DEGIACOMO, CHAPTER 7<br>TRUSTEE FOR THE ESTATE OF RMA<br>STRATEGIC OPPORTUNITY<br>FUND, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>SAM RIZK,<br><br>        Defendant. | CHAPTER 7<br>CASE NO. 17-13328-FJB<br><br><br><br>Adv. Pro. No. 19-01020-FJB |

## AGREEMENT FOR JUDGMENT

Mark G. DeGiacomo, the duly appointed Chapter 7 Trustee of the bankruptcy estate of RMA Strategic Opportunity Fund, LLC and plaintiff in the above captioned adversary proceeding (the "Trustee"), and Sam Rizk (the "Defendant" and together with the Trustee, the "Parties") hereby stipulate and agree as follows:

    1. Judgment shall enter in favor of the Trustee and against the Defendant in the amount of $_____ [the amount of $173,447.86 less the amounts previously paid by Defendant]

    2. Other than any dispute concerning whether Defendant defaulted on his agreed payments to the Trustee, the Parties waive all rights of appeal.

| | |
|---|---|
| MARK G. DEGIACOMO,<br>CHAPTER 7 TRUSTEE OF<br>RMA STRATEGIC OPPORTUNITY<br>FUND, LLC, | SAM RIZK |
| By his attorneys, | By his attorney, |
| /s/ Jonathan M. Horne<br>Mark G. DeGiacomo, Esq. BBO #118170<br>Jonathan M. Horne, Esq. BBO#673098<br>Murtha Cullina LLP<br>99 High Street<br>Boston, MA 02110<br>617-457-4000 Telephone<br>617-482-3868 Facsimile<br>jhorne@murthalaw.com | Daniel Swetnam, Esq.<br>ICE MILLER<br>250 West Street<br>Columbus, OH 43215<br>614-462-2225 Telephone<br>614-224-3568 Facsimile<br>Daniel.Swetnam@icemiller.com |

ENTERED AS AN ORDER OF THE COURT:

Dated:_____          _____
                               United States Bankruptcy Judge